## HORN v. VENABLE & McDONALD.

### No. 4279.

Court of Appeal of Louisiana. Second Circuit.

June 15, 1932.

J. Norman Coon, of Monroe, for appellant.

Shotwell & Brown, of Monroe, for appellee.

McGREGOR, J.

While plaintiff was doing some heavy work in the construction of a building in the city of Monroe on January 25, 1931, he received a left inguinal hernia. Within less than two hours, he was on the operating table, and the necessary operation was performed by physicians representing the defendant and the insurance company carrying the employer's liability insurance on that particular contract.

When the physician was examining the plaintiff's injury, he discovered that he had a serious condition of varicose veins in that region. It is in evidence that he called the attention of the plaintiff to this condition, and suggested to him the advisability of removing these enlarged veins at the same time as he would be correcting the hernial condition, as he could do both operations with one incision. He states, however, very positively and definitely that he explained to the plaintiff that the insurance company gave him no authority to perform this additional piece of surgery, and that it was a matter strictly between the plaintiff and the operating physician. The plaintiff says that he has no recollection of any differentiation being made by the physician between two parts of what he considered as one operation for the purpose of relieving his hernial condition. We do not attach much importance to this feature of the case.

Several physicians were used as witnesses in the case, and they all agree that the recurrence of the hernia was rendered much less probable by the removal of the enlarged veins. Dr. Rizzo, who assisted Dr. McHenry in the operation, testified as follows: "But the thing is if you have large varicose veins there is much more chance for recurrence and cause trouble, therefore, it is the *general consensus of opinion* among surgeons the thing to do is to *remove* them if you find them during an operation." (Italics ours.)

Dr. McHenry, who performed the operation, and who states that he made it plain that the removal of the varicose veins was no part of the hernia operation, throughout his testimony admitted that the removal of these veins was desirable, and that, if they had not been removed, the probabilities of a recurrence of the hernia would have been greater.

Soon after the operation, plaintiff developed trouble in his left testicle, which eventually became completely atrophied. During this time it necessarily caused him considerable pain and disability.

Defendant paid compensation to the plaintiff for a period of 12⅚ weeks for temporary total disability, while plaintiff contends that his disability extended through a period of twenty-one weeks. The only testimony developed by the defendant in support of its contention that the disability was confined or limited to 12⅚ weeks was given by Dr. McHenry in the following question and answer: "Q. He states in his petition he was paid compensation for twelve and five-sixths weeks, dating from the date of his injury. At the expiration of the above twelve and five-sixths weeks about when you discharged him? A. Yes, something like that."

On the other hand, plaintiff testifies that he was unable to do any work at all up to June 22, 1931, a period of 21 weeks. Defendant contends that the hernia proper was healed at the expiration of 12⅚ weeks, and that it is not liable for any disability after that date on account of any condition of the atrophying testicle, which it alleges was caused by the removal of the varicose veins, and which operation it alleges was not necessary in the correction of the hernial condition.

The operation was done all at one and the same time through the same incision, and, while it may not have been absolutely necessary, the evidence is uniform to the effect that the removal of the enlarged veins was advantageous and rendered the recurrence of the hernia less probable. It is like splitting hairs to say in this instance that certain disability was due to the hernia and that the rest of it was due to the unnecessary removal of varicose veins. The disability was con-

tinuous, and began with the injury and the subsequent operation. We think the plaintiff was totally disabled for a period of 21 weeks, and that he should be compensated accordingly.

■ In addition to this compensation for total disability for 21 weeks, plaintiff claims further compensation for 100 weeks on account of the loss of his left testicle, and bases it on section 8, subd. 1 (d), par. 16 of the Workmen's Compensation Law (as amended by Act No. 242 of 1928, p. 357). According to the testimony of all the physicians in the case, this loss has not seriously permanently impaired any of plaintiff's physical functions, and it is not, therefore, compensable.

For the reasons assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be amended so as to allow plaintiff judgment against the defendant for compensation at the rate of $9.21 per week for a period of 21 weeks beginning January 25, 1931, less a credit of $118.20 already paid, with 5 per cent. interest on all past-due installments from their respective due dates, with all costs of both courts, and, as thus amended, it is affirmed.