280 So.2d 923 (1973)
Maxie Simeon BREAUX, Plaintiff-Appellant,
v.
KAPLAN RICE MILL, INC., et al., Defendants-Appellees.
No. 4177.
Court of Appeal of Louisiana, Third Circuit.
July 18, 1973.
Rehearing Denied August 15, 1973.
*924 J. Minos Simon and John Rixie Mouton, Lafayette, for plaintiff-appellant.
Mouton & Mouton by Welton P. Mouton, Jr., Lafayette, for defendants-appellees.
Before HOOD, CULPEPPER and MILLER, JJ.
HOOD, Judge.
This is a workmen's compensation suit instituted by Maxie Simeon Breaux against Kaplan Rice Mill, Inc., and its insurer, Maryland Casualty Company. Judgment was rendered by the trial court in favor of defendants, and plaintiff has appealed.
The issues presented are whether plaintiff is totally and permanently disabled, or alternatively, whether he is entitled to compensation benefits for the permanent loss or impairment of a physical function.
Plaintiff sustained an injury consisting of a right inguinal hernia on May 1, 1969, while working as a welder and general laborer for defendant, Kaplan Rice Mill. He was 56 years of age when the accident occurred. The hernia was repaired by surgery on May 9, 1969, and during the course of that surgery it became necessary to remove plaintiff's right testicle. Breaux was released from the hospital on May 19, and he was discharged by his treating physician on July 21, 1969, as being fully recovered and able to return to work.
Maryland Casualty Company, the workmen's compensation insurer of plaintiff's employer, paid compensation benefits of $44.20 per week to plaintiff from the date of his injury until July 25, 1969. The payments made amounted to the aggregate sum of $530.40.
After being discharged by his treating physician, plaintiff reported back to work at Kaplan Rice Mill, but was informed that he was not needed. He then obtained employment at Riviana Foods, Inc., for a period of seven weeks beginning August 9, 1969, assisting in loading hopper cars with rice. His employment there was terminated because of lack of work. He worked for Brown & Root, Inc., on three different occasions during the years 1969 and 1970, working first as a cook's helper and later as an orderly taking care of the restrooms. In one instance he quit his job with Brown & Root because he said his hips and legs were bothering him, but those complaints had nothing to do with the injury which he sustained on May 1, 1969. On the other occasions when he worked for that company, including his last such employment, his work was terminated because the jobs were completed.
The work which Breaux performed after the accident was generally lighter work than that which he had done before. He performed all of the duties assigned to him, however, he worked long hours, and he apparently made no complaints of pain or discomfort with reference to the injury which he sustained on May 1, 1969, although he did complain of other unrelated symptoms.
Plaintiff contends that he suffers pain from his injuries while working, but that he nevertheless has worked despite this pain. He takes the position that the pain which he suffers while working is sufficient to render him totally and permanently disabled within the meaning of the Workmen's Compensation Act.
The trial judge concluded that the evidence failed to establish that plaintiff was totally and permanently disabled, and he rendered judgment rejecting plaintiff's demands. A motion for a new trial was filed *925 by plaintiff, in which motion plaintiff claimed alternatively that he had suffered the loss of a physical function as the result of the removal of his testicle. The motion for a new trial was denied by the trial judge. On this appeal, plaintiff contends primarily that he is totally and permanently disabled, and alternatively, that he is entitled to compensation benefits based on the permanent loss or impairment of a physical function.
The medical evidence consisted of the testimony of four doctors, one of whom was Dr. Marian J. Trahan, plaintiff's treating physician. Dr. Trahan felt that plaintiff was able to return to his former type of work when he discharged plaintiff on July 21, 1969, but in view of Breaux's continued complaints of pain in the groin the doctor concluded that he had a neuroma, which he described as "a scar tissue of the nervous tissue type; it comes from the healing of the nerve." He was of the opinion that because of the pain associated with this neuroma, plaintiff was unable to perform heavy labor. Dr. Trahan conceded that he found no objective signs to indicate that plaintiff had the pain of which he complained. He stated that he relied solely on plaintiff's subjective complaints, and that it would have made a difference in his opinion as to Breaux's veracity if he had known that plaintiff had represented to other examining physicians that he was fully capable of returning to work.
The other three examining physicians found that plaintiff had fully recovered from the injury which he sustained on May 1, 1969, and that he was able to return to heavy manual labor.
The medical evidence shows that plaintiff was hospitalized at least three times after he recovered from his hernia operation for causes which were unrelated to the accident. One such period of hospitalization was for prostatitis, another for a kidney infection and the third was for vertigo and bronchitis. He also has been treated since the date of the accident for chest pains and hematomas of the leg. Although plaintiff complained of pain in his groin to Dr. Trahan, he made no such complaints to any of the other examining physicians. Plaintiff stated that he complained to his foreman at Brown & Root that his leg pained him up around the groin, but the foreman testified that the only complaint plaintiff made to him was of pain in his feet.
Applicable here is the rule that a claimant will not be held to be disabled within the meaning of the Workmen's Compensation Act solely because he suffers some residual pain and discomfort when he attempts to work following a work-connected accident. The residual pain or discomfort in such a circumstance will be considered as being disabling only if it is substantial or appreciable pain. Glidden v. Alexandria Concrete Company, 242 La. 626, 137 So.2d 894 (1962); Jackson v. American Mutual Liability Insurance Co., 242 So.2d 903 (La.App. 3 Cir. 1971).
The claimant who alleges disability because of inability to perform his usual and regular duties without substantial or appreciable pain must establish the existence of that condition to a reasonable certainty and by a fair preponderance of testimony. Ball v. American Marine Corporation, 245 La. 515, 159 So.2d 138 (1964); Johnson v. R. P. Farnsworth and Company, 186 So.2d 405 (La.App. 1 Cir. 1966).
The testimony of the attending physician usually is accorded greater weight than the testimony of another equally qualified physician who has examined the plaintiff only once, and then not for the purpose of treatment. Johnson v. R. P. Farnsworth and Company, supra. It is the duty of the trial judge, however, to seek the truth, and he should evaluate the testimony of the medical witnesses according to the same rules which are applied to other witnesses. Frame v. Majors, 224 So.2d 65 (La.App. 3 Cir. 1969). The trial judge's findings of fact, particularly those *926 involving the credibility of witnesses testifying before him, are entitled to great weight, and his conclusions as to the facts will not be disturbed unless found to be clearly erroneous. Matthews v. Milwhite Mud Sales Co., 225 So.2d 391 (La.App. 3 Cir. 1969).
Applying these rules to the instant suit, we conclude, as did the trial judge, that the evidence fails to establish that plaintiff is totally and permanently disabled within the meaning of the Workmen's Compensation Act. We thus affirm that part of the judgment of the trial court which rejects plaintiff's principal demand for compensation benefits based on total and permanent disability.
We turn now to plaintiff's alternate demand for compensation benefits under LSA-R.S. 23:1221(4)(p), based on the grounds that the usefulness of a physical function has been seriously and permanently impaired.
We have already noted that plaintiff's right testicle was removed when the hernioplasty was performed. The evidence shows that his left testicle had been removed or lost prior to that time, and that the removal of his right testicle thus left him without any testes at all. The medical evidence establishes that the loss of both testicles did not disable plaintiff from performing heavy manual labor. Breaux contends, however, that he has permanently lost the usefulness of a physical function for which he is entitled to recover compensation benefits.
Defendants, in resisting plaintiff's alternate demand, argue first that the evidence fails to show that the removal of the testicle was related to the hernia operation or to the job-connected accident. They contend, secondly, that in any event plaintiff is not entitled to recover benefits for the loss of a testicle, citing as authority for that argument the cases of Horn v. Venable & McDonald, 142 So. 615 (La.App. 2 Cir. 1932), and Tuggle v. United States Fidelity & Guaranty Co., 228 So.2d 671 (La. App. 1 Cir. 1969).
Dr. Trahan, the treating physician, testified that he treated the injury sustained by plaintiff by means of the "hernia repair and the orchiectomy." We find nothing in the record to indicate that the orchiectomy was unrelated to the hernia which plaintiff sustained, or to the accident which caused that hernia. In view of the testimony of the treating physician, we find that the removal of plaintiff's testicle was related to the injury which he sustained on May 1, 1969.
We distinguish the two cases cited by defendants. In each case the injured claimant obviously was left with one functioning testicle after the accident. In the instant suit the plaintiff was left with no functioning testes.
We have concluded that the loss of plaintiff's sole remaining testicle is the type of injury which was intended to be covered by LSA-R.S. 23:1221(4)(p). The testes produce the spermatozoa or male reproductive cells, and they also produce testosterone, a hormone which plays an important part in the development and maintenance of the secondary sex characteristics of a male. The testes thus perform a physical function, and the removal of plaintiff's only remaining testicle deprives him of the usefulness of that function.
We conclude that plaintiff is entitled to recover under LSA-R.S. 23:1221(4)(p) for the loss of the usefulness of a physical function because of the removal of his sole remaining testicle. We have decided that he should be compensated at the rate of $44.20 per week for a total of 100 weeks, subject to a credit for the compensation benefits previously paid.
For the reasons herein assigned, that part of the judgment appealed from which rejects plaintiff's demands is reversed, and *927 judgment is hereby rendered in favor of plaintiff, Maxie Simeon Breaux, and against defendants, Kaplan Rice Mill, Inc., and Maryland Casualty Company, condemning said defendants, in solido, to pay to plaintiff the sum of $44.20 per week, beginning May 1, 1969, and continuing for a period of 100 weeks, with legal interest on each such payment from the date it became due until paid, and all costs of this suit, subject to a credit for the workmen's compensation benefits which heretofore have been paid to plaintiff, amounting to the aggregate sum of $530.40. The remaining parts of the judgment appealed from are affirmed. The costs of this appeal are assessed to defendants-appellees.
Affirmed in part, reversed in part, and rendered.