411 So.2d 605 (1982)
Conrad Joseph DUPONT
v.
EBASCO SERVICES, INC.
No. 12399.
Court of Appeal of Louisiana, Fourth Circuit.
March 2, 1982.
Gertler & Gertler, David Gertler and M. H. Gertler, New Orleans, for plaintiff-appellee.
Lemle, Kelleher, Kohlmeyer & Matthews, Albert H. Hanemann, Jr. and Richard K. Rathbun, New Orleans, for defendant-appellant.
*606 Before GULOTTA, GARRISON and CHEHARDY, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court granting judgment in favor of plaintiff and awarding to him workmen's compensation benefits in the amount of $140.59 per week, medical expenses in the amount of $3,470.10 and assessing penalties of 12% of the compensation benefits awarded. The court also awarded attorney's fees in the amount of $2,000.00 and costs to plaintiff. From that judgment, which we affirm in part and reverse in part, defendant appeals.
Defendant argues that the trier of fact was manifestly erroneous in his conclusion that plaintiff was partially disabled due to silicosis[1] and that the trial court erred in assessing penalties and attorney's fees against it in light of R.S. 23:1201.2.
The trial judge provided the following written reasons for judgment:
"This is a suit for workmen's compensation benefits wherein plaintiff alleges to have developed an occupational disease known as silicosis while in the course and scope of his employment with defendant, Ebasco Service, Inc.
"Plaintiff was working as a crane operator situated about 80 feet high inside of the reactor core building (R.C.B.) at the Waterford 3 Nucelar Power under construction in Taft, Louisiana. Plaintiff worked in the R.C.B. as a crane operator from December, 1977 to May 22, 1979, or for approximately eighteen months.
"Sandblasting, concrete grinding, and welding were fairly consistent activities inside of the R.C.B. during plaintiff's employment. This Court finds that plaintiff was exposed at various times throughout his employment with defendant to high levels of airborne silica particles as a result of the sandblasting activities. Plaintiff, along with several other co-workers, testified that the air inside the R.C.B. was often filled with such a concentration of dust during and after the sandblasting activities that visability was often limited to 40 or 50 feet. Plaintiff had to communicate via radio with the ground personnel when operating his crane because he could often not see the ground level because of the dust inside the R.C.B.
"On May 21, 1979 plaintiff left work complaining of back and chest pains. The next day when his breathing became very difficult, he was admitted to and placed in the intensive care unit at West Jefferson Hospital and stayed there for approximately nine days. Dr. Martin Brown, recognized by this Court as an expert in the field of pulmonary diseases, has been treating plaintiff since May 22, 1978 and continues to see plaintiff regularly. Dr. Brown testified that on May 22, 1979, plaintiff was suffering and is still suffering today from silicosis caused by inhalation of silicone dioxide particles and other foreign particles as a result of plaintiff's occupational exposure while employed by Ebasco Services, Inc. Furthermore, Dr. Brown testified that plaintiff is markedly disabled from physical labor and cannot work as a crane operator or as a diesel mechanic, both trades of which plaintiff has had training. However, Dr. Brown did believe that plaintiff could perform manual labor of a sedentary nature.
"Under the 1975 amended workmen's compensation statute, if an employee is prevented from returning to his former employment but is not prevented from engaging in gainful activity at some job, he is considered `partly disabled.' Mc-Elhaney v. Beldon Corporation, 376 So.2d 539 (La.App. 3rd Cir. 1979); Rachal v. Highlands Insurance Company, 355 So.2d 1355 (La.App. 3rd Cir. 1978); Kilbourne v. Armstrong, 351 So.2d 802 (La.App. 1st Cir. 1977).
"Therefore, this Court finds, in view of the entire evidence that plaintiff has proven by a preponderance of the evidence *607 that he is partially disabled within the meaning of LSA-R.S. 23:1221(3) as a result of silicosis caused by plaintiff's occupational exposure while in the course and scope of his employment with Ebasco Services, Inc.
"With respect to penalties and attorney's fees requested herein by plaintiff, the record reflects that plaintiff's attorney wrote a letter to defendant on August 2, 1979 advising the defendant of plaintiff's situation and requesting compensation benefits. Plaintiff received no reply and subsequently filed this suit on August 13, 1979. Finally, on December 20, 1979, the defendant arranged for the plaintiff to be examined by a physician. Said physician, Dr. Hans Weil, submitted his report on January 25, 1980. (Ex. P-12). Upon reviewing this report, this Court believes that penalties and attorney's fees should be awarded.
"LSA-R.S. 23:1201.2 authorizes penalties and attorney's fees where the employer arbitrarily, capriciously, or without just cause, fails to pay or discontinues payment of benefits.
"Clearly, Dr. Weil's report (Ex. P-12) submitted to the defendant suggests that plaintiff could be suffering from the occupational disease, silicosis, especially when considering the nature of the plaintiff's work.
"Therefore, in accordance with LSA-R.S. 23:1201.2, this Court has awarded a penalty of 12% of the total amount past due plus attorney's fees in the amount of $2,000.00."
On appeal the defendant-employer argues that the trial judge erred in his factual determinations of the amount of silica dust to which plaintiff was exposed and his conclusion that plaintiff suffered from silicosis. Defendant further argues that the trial judge erroneously excluded business records and medical reports and that the trial judge erroneously awarded attorney's fees and penalties by finding that appellant arbitrarily and capriciously refused to pay workmen's compensation benefits.
Defendant argues that all sandblasting occurred on the 11:00 p. m. to 7:00 a. m. shift, or third shift, and that plaintiff worked on the first shift, so that he was not exposed to the sandblasting. The first shift began at 7:00 a. m. Plaintiff and his co-workers testified that the dust was so concentrated in the air that visibility was limited to 40 feet, that construction activities would cause the residue dust to be disturbed and re-enter the air, and that visibility was so limited that cranes were operated by radio instruction. The foreman testified that he had received numerous complaints and the oiler testified that he was required to clean Dupont's crane every third day to remove the one and one-half inch of film. The workers further testified that sandblasting was not limited to 11:00 p. m. to 7:00 a. m., but proceeded at all hours.
Defendant argues that there were ventilating fans strategically placed about the work area in order to minimize the risks of silicosis. The workers testified that there was one fan and that it was broken and inoperative more than it was in use.
Defendant relied on the testimony of its expert, Dr. Yehia Hammad, who found that the dust accumulations were significantly below unsafe limits (the T.L.V. or Threshold Limit Value). Dr. Hammad's calculations were based on factual information provided by the defendant. That information was directly contradictory to the workers' testimony as discussed above. Dr. Hammad never visited the site or conducted on-site tests; rather, he had the defendant conduct on-site tests for him. Apparently, the trial judge resolved the credibility determination in favor of the workers, thus invalidating the factual basis of the expert's opinion.
Turning to the question of attorney's fees and penalties, we find that the trial court committed error in awarding these items of damages to plaintiff. In the instant appeal, the employer relied on the defense that plaintiff had smoked cigarettes for a number of years and argued that plaintiff's illness was not silicosis, but *608 rather some other smoking-related disorder. This was a valid defense. It has long been held that an employer cannot be penalized by taking close factual questions to the courts for decision and for relying on valid defenses. Thompson v. Natchitoches Parish Hospital Service District, 335 So.2d 81 (La. App. 3rd Cir. 1976); writ denied 338 So.2d 298; Hull v. Liberty Mut. Ins. Co., 236 So.2d 847 (La.App. 1st Cir. 1970); writ denied 256 La. 862, 239 So.2d 361. Reliance upon a valid defense is not an arbitrary or capricious refusal to pay as required by statute.
For the reasons discussed, the judgment of the district court is amended to read as follows and, as amended, is affirmed:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, CONRAD JOSEPH DUPONT, and against defendant, EBASCO SERVICES, INC., decreeing the plaintiff to be partially disabled within the intendment of the Louisiana Workmen's Compensation Statute as provided in LSA-R.S. 23:1221(3) and awarding him judgment for workmen's compensation benefits against the defendant for the sum of ONE HUNDRED FORTY AND 59/100 ($140.59) DOLLARS per week for each weekly period beginning May 22, 1979, together with legal interest thereon from due date until paid so long as plaintiff's disability continues not beyond a maximum of four hundred fifty weeks.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, CONRAD JOSEPH DUPONT, and against defendant, EBASCO SERVICES, INC., for past due medical expenses for the sum of THREE THOUSAND FOUR HUNDRED SEVENTY AND 10/100 ($3,470.10) DOLLARS.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant, EBASCO SERVICES, INC., pay all costs of this proceeding.
AMENDED AND AFFIRMED.
NOTES
[1] The Louisiana Supreme Court has recently held that silicosis is a statutorily covered occupational disease. Schouest v. J. Ray McDermott and Co., Inc., 411 So.2d 1042, Supreme Ct. (1982).