GOTHARD, Judge.
This worker’s compensation suit was before us previously. In our opinion, authorized by Rule 2-16.3 of the Uniform Rules, Courts of Appeal, and handed down January 12, 1987, we affirmed as amended a trial court’s judgment in favor of the plaintiff.[1] Therein we stated, in pertinent part:
“... The primary issue is whether Virgil introduced sufficient evidence to prove a disability as a result of the December 7th accident, which would justify an award of 100 weeks of compensation. ...
[[Image here]]
The record reflects that the only testimony was that of the plaintiff and his mother. As to medical evidence, we find only medical and hospital reports, together with depositions of several physicians.
[[Image here]]
... The manifest error rule does not apply on appeal, where the trier of fact relies purely upon the written reports, records or depositions. We stand in the same position with the trier of fact to assess credibility and weigh the medical evidence, Dickerson v. Zurich American Insurance Company, 479 So.2d 571 (La.App. 1st Cir.1985)_[2]
[[Image here]]
Accordingly, we have carefully examined the medical evidence found in the record in light of the above standard, (emphasis supplied)
[[Image here]]
... despite numerous and thorough examinations, not one physician, including a court appointed orthopedic surgeon, found any medical basis to substantiate Virgil’s subjective complaints of back pain. The consensus of medical opinion is clear, that on December 7, 1982 Virgil sustained a temporary back sprain, and that by May 19, 1983 there was no medical contradiction to prevent Virgil from returning to the same work as done prior to his injury.
[[Image here]]
For the foregoing reasons ... [we] amend the judgment to award worker’s compensation benefits from date of inju *1237 ry until May 19, 1983 the date of the plaintiff’s medical discharge to return to work....”
The Louisiana Supreme Court granted writs, and ultimately set aside our judgment by order dated May 29, 1987, 507 So.2d 825. The case is now before us on remand with instructions to review the record under the manifest error standard of appellate review as stated in Canter v. Koehring Co., 283 So.2d 716 (La.1973).
In Canter v. Koehring, supra at 724 the Supreme Court stated:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.” (emphasis supplied by the Louisiana Supreme Court)
Here, even applying the standard of Canter v. Koehring, supra, to the trial court’s implicit findings on the medical records and deposition testimony as well as on the trial testimony, we are at a loss to justify the trial court’s judgment on the basis of this record. Further, the trial judge, having awarded plaintiff 100 weeks of worker’s compensation benefits, made no finding of disability (LSA-R.S. 23:1221(1)(3)) or residual impairment (LSA-R.S. 23:1221(4)(p)) as a ground for the extension of benefits one and one-half years beyond plaintiff’s discharge to return to work.
We are mindful of our function on appellate review not to substitute our evaluations and inferences of fact to disturb reasonable findings of the trial court where there is a conflict in the testimony. Canter v. Koehring, supra. We recognize that even deposition testimony may be susceptible to more than one reasonable reading. We also recognize that a trial judge’s opportunity to see and hear the trial testimony obliges appellate deference to a trial judge’s interpretation of the record evidence, and perhaps gives him greater insight into the depositions. However, the appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
The trial judge here obviously felt the record provided a reasonable factual basis for the award to plaintiff of 100 weeks of worker’s compensation. We are not likewise satisfied that the plaintiff has sufficiently proven that his back sprain remained unresolved at the time of his medical discharge to return to work. Not only was plaintiff’s testimony regarding his continuing back pain not supported by objective medical evidence, it was, in fact, contradicted by all the objective medical evidence on the point. Neither was there any medical evidence that plaintiff’s claim was, perhaps, derived from a mental condition causally related to his work-related back sprain, and thereby making plaintiff’s credibility an all important factor in deciding this case. Compare, Dominick v. CNA Ins. Co., 497 So.2d 758 (La.App. 3 Cir.1986), writ denied 501 So.2d 231 (La.1987). Plaintiff’s treating physician, an orthopedic surgeon, discharged him to return to work on May 19, 1983 after finding that plaintiff had no remaining muscle spasms, full range of motion, and no lower extremities neurological deficits. Further diagnostic testing at plaintiff’s insistence confirmed that plaintiff had no nerve root pathology, *1238 disc disease or herniation, nor any other objective signs of residual impairment from the work-related back sprain, all of which was fully articulated in our original opinion.
In our review of the record, we find that in spite of the presence of some evidence in the record which, if believed, would have supported the trial court’s judgment, the judgment was clearly wrong in its conclusion regarding the duration of plaintiffs work-related back sprain. It is with reluctance that we reverse a trial court’s factual conclusion with regard to worker’s compensation but in this case the record justifies our conclusion. We, therefore, hold that the trial court clearly erred in granting benefits for 100 weeks (or one and one-half years) beyond May 19, 1983, the date of plaintiff’s medical discharge to return to work.
Accordingly, we reject plaintiff’s claim for further worker’s compensation benefits. We also amend the judgment of the trial court to award worker’s compensation benefits from date of injury until May 19, 1983, the date of plaintiff’s medical discharge to return to work. Both parties are cast with the cost of this appeal.
AMENDED, AND AS AMENDED, AFFIRMED.
WICKER, J., concurs in part and dissents in part.

. For a history of the case and the facts relative to the opinion see: Larry Joe Virgil v. American Guarantee and Liability Insurance Company, et al. 503 So.2d 45 (La.App. 5 Cir.1987).

. See also, Duckworth v. Winn Dixie Louisiana, Inc., 490 So.2d 408 (La.App. 5 Cir.1986), writs denied 495 So.2d 303. (Lay testimony was reviewed on basis of manifest error, but medical testimony was reviewed on basis of sufficiency and preponderance of evidence in worker's compensation benefits case where testimony of physicians who examined and treated injured worker was presented in form of depositions.