617 So.2d 1251 (1993)
Leroy LINDON, Plaintiff-Appellee,
v.
TERMINIX SERVICES, INC., Defendant-Appellant.
No. 92-98.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1993.
R. Hamilton Davis, for plaintiff-appellee Leroy Lindon.
Richard J. Hymel, for defendant-appellant Terminix Services.
Before STOKER, THIBODEAUX and COOKS, JJ.
COOKS, Judge.
This is a suspensive appeal filed by the employer, Terminix-Services, Inc., from a decision by the Office of Workers' Compensation in favor of Leroy Lindon. Lindon sustained an injury in the performance of his work when he attempted to recoil a hose which flipped up, striking him in the groin.
The hearing officer rendered judgment awarding Lindon benefits from September 25, 1989, subject to the employer's credit for benefits previously paid, in the amount of $276.00 per week for 100 weeks pursuant to LSA-R.S. 23:1221(4)(p). The administrative officer reasoned that the loss of *1252 function in the testes suffered by Lindon was a physical impairment covered by LSA-R.S. 23:1221(4)(p) which permits an award of benefits to an injured worker without a commensurate finding of "continued disability," as generally required by the Act. The hearing officer also assessed $1,500.00 against Terminix for attorney's fees. We affirm the award, except for that portion allowing recovery for attorney's fees.

ISSUE
Terminix's primary assignment of error addresses the correctness of the trial court's determination that the subsequent atrophy of Lindon's testicles and probable sterility resulted in a loss of function covered by LSA-R.S. 23:1221(4)(p).

LAW AND ANALYSIS
Ordinarily, an administrative officer's findings of fact are reviewed on appeal under the same manifest error or clearly wrong standard applicable to trial judges. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); and Canter v. Koehring Company, 283 So.2d 716 (La.1973). However, Terminix, in brief, does not dispute the administrative officer's factual finding that Lindon suffered a permanent impairment of physical function as a consequence of the groin injury. The employer simply urges, as a matter of law, that the particular loss of function, involving the testes, is not covered under the "catch-all" provision of LSA-R.S. 23:1221(4)(p) which allows benefits for certain non-disabling work injuries.
Generally the Workers' Compensation Act requires a determination of "continued disability" at the time payments are stopped by the employer before any further awards or entitlement may be rendered and enforced. The exceptions to this requirement are contained in LSA-R.S. 23:1221(4), which allows scheduled awards for anatomical loss of use or amputation to specified body parts. This subpart permits "minimum" awards to workers even when their work related injury does not prevent them from earning their pre-injury wages.
As explained in the Malone and Johnson treatise, 13 W.S. Malone and H.A. Johnson, Louisiana Civil Law Treatise: Workers' Compensation Law and Practice, § 286 (1980):
"[LSA-R.S. 23:1221(4)(p)] is an unusual provision ... It could be regarded as akin to a tort award within the Act, in an amount in the discretion of the court up to the specified maximum. The `permanent impairment' language ... has come to be the more important of the two bases of recovery and serves as a catch-all when the employee appears to be injured, but is neither disabled nor suffers from any injury to some member mentioned in the schedule of specific losses.
This sub-section is difficult to square with the compensation principle, since it is not based upon loss of earning capacity even though no fault of the employer need be shown...." 512 So.2d 1235, 1239.
In Breaux v. Kaplan Rice Mill, Inc., 280 So.2d 923 (La.App. 3rd Cir.1973), we found that the loss of function in a worker's "testicle is the type of injury which was intended to be covered by LSA-R.S. 23:1221(4)(p)." We reasoned that "the testes produce the spermatozoa or male reproductive cells, and they also produce testosterone, a hormone which plays an important part in the development and maintenance of the secondary sex characteristics of a male." Lindon sustained injuries to both testicles which resulted in atrophy and probable sterility. As found in Breaux, Lindon's testes performed a physical function which has been prematurely interrupted by the work injury. Thus, prior jurisprudence clearly recognized Lindon's entitlement to benefits for the permanent and substantial injury to his testes under the special provision.
However, LSA-R.S. 23:1221(4)(p) was amended in 1983 subsequent to our ruling in Breaux. LSA-R.S. 23:1221(4)(p) now provides before an employee may come within its auspices, the employee must prove that "he or she is seriously and permanently disfigured or suffers a permanent hearing loss solely due to a single *1253 traumatic accident, or where the usefulness of the physical function of the respiratory system, gastrointestinal system, or genitourinary system, as contained within the thoracic or abdominal cavities, is seriously and permanently impaired, compensation not to exceed sixty-six and two-thirds percent of wages for a period not to exceed one hundred weeks may be awarded ..."
Terminix argues we are prevented from applying the holding in Breaux to the facts of this case because the more restrictive language contained in the amended version excludes the testes, although admittedly parts of the genito-urinary system, from coverage under the Act because they are not contained within the thoracic or abdominal cavities. In short, it argues the Breaux decision has been legislatively overruled. We disagree.
Terminix's limited interpretation of the amendment would lead to absurd consequences and render the amendment in conflict with state and federal constitutional law, which prohibit such gender based exclusions without a compelling and substantial state interest. Adoption of Terminix's position requires a corollary finding that females who sustain injury to their reproductive organs, which are located entirely within the abdominal cavity, are entitled to benefits under the amended provision; but males, whose reproductive organs extend outside the abdominal cavity, are not entitled to similar benefits.
Dr. Boudreaux explained that the testicles are part of the genito-urinary system contained within the scrotum. Although acknowledging the scrotum is not contained wholly within the abdominal cavity, he suggested it may be considered an extension of this section. When the language of a provision is susceptible of different meaning; we must ascribe to it the meaning that best conforms to the purpose of the law as a whole. LSA-L.A.C.C. article 10. We do not believe the legislature, in amending LSA-23:1221(4)(p), intended to exclude the male reproductive organs from coverage under the Act. Our conclusion is buttressed by W.S. Malone and H.A. Johnson, 13 La. Civil Law Treatise: Workers' Compensation Law and Practice, § 286 at 183 (1993 Pocket Part), expressing that "the very clear intention of [the] amendment was to exclude claims for impairment of the function of the back or neck." In keeping with the jurisprudential rule that worker's compensation statutes should be liberally construed in favor of injured workers, we find the language of the statute does not expressly exclude the male reproductive organs from the ambit of its protection as a genito-urinary appendage of the abdominal cavity. Accordingly, we find the administrative law judge did not err in awarding Lindon specified benefits pursuant to the amended provision.

ATTORNEY FEES
Terminix contends the trial court erred in awarding plaintiff attorney's fees. Although we agree the statute allows recovery for plaintiff's injury, we do not agree Terminix's reliance on a contrary interpretation of the provision was arbitrary or capricious. LSA-R.S. 23:1201.2 is penal in nature, and as such, it must be strictly construed. An employer should not be penalized for taking close factual or legal questions to court for resolution. Eschete v. Gulf South Beverages, 442 So.2d 556 (La.App. 1st Cir.1983); Dupont v. Ebasco Services, Inc., 411 So.2d 605 (La. App. 4th Cir.1982). There are no reported cases decided after the 1983 amendment to LSA-23:1221(4)(p) specifically addressing the defense to payment urged by Terminix. Thus, the scope and effect of the amendment was unclear. The defense was not frivolous or interposed only to delay payment of benefits clearly owed to the worker.

DECREE
For the foregoing reasons, we reverse that portion of the judgment awarding attorney's fees. In all other respects, the judgment is affirmed. All costs are assessed against Defendant-Appellant.
Affirmed in Part; Reversed in Part.
STOKER, J., dissents and assigns written reasons.
*1254 STOKER, Judge, dissenting.
With respect I dissent.
The hearing officer awarded plaintiff worker's compensation for a work-related injury to his testicles and subsequent atrophy which will probably render him sterile. The ruling considers plaintiff's condition as the loss of a physical function which is compensable under LSA-R.S. 23:1221(4)(p). The judgment also awarded penalties and attorney fees.
The majority of this court affirms the award of compensation but reverses the award of penalties and attorney fees.
Under the statutory law before 1983 and the jurisprudence applying the pre-1983 law, plaintiff would clearly be entitled to compensation for loss of a physical function although it was not disabling. The statutory law was changed in 1983 and apparently there are no cases construing the new law.
In 1983 the text of Section 1221(4)(p) was amended to provide:
"In cases not falling within any of the provisions already made, where the employee is seriously and permanently disfigured or suffers a permanent hearing loss solely due to a single traumatic accident, or where the usefulness of the physical function of the respiratory system, gastrointestinal system, or genitourinary system, as contained within the thoracic or abdominal cavities, is seriously and permanently impaired, compensation not to exceed sixty-six and two-thirds percent of wages for a period not to exceed one hundred weeks may be awarded ... (emphasis added)"
Under the clear language of the quoted provision, loss of function of the testes is not compensable. Medical testimony established that testicles are a part of the genito-urinary system contained in the scrotum which is not contained within the abdominal cavity. This is the position of the defendant, Terminix Services, Inc.
The majority rejects defendant's argument on the ground that Terminix's limited interpretation of the amendment would lead to absurd consequences and render the amendment in conflict with state and federal constitutional law which prohibit gender based exclusions without compelling and substantial state interest.
The majority postulates that the legislature could hardly have intended to exclude male reproductive organs from coverage under the 1983 amendment. The majority holds that the language in question is susceptible of different meanings and that under Civil Code Article 10 we must ascribe to it the meaning which best conforms to the purpose of the law as a whole. I find no justification for engaging in such "interpretations". Doubtless the members of the Louisiana Legislature in 1983 were quite cognizant of the ramifications of the language of the statute they enacted. Therefore, I would give to the statutory language its plain meaning and conclude that the Legislature knew what it was doing. Regrettably, the exclusionary language alters the beneficent provision of the prior law, but I feel sure that is what the Legislature intended to do.
My reading of Malone and Johnson, Louisiana Civil Law Treatise, Vol. 13, Workers' Compensation Law and Practice Second Edition (Pocket Part) Section 286 leads me to differ with the majority's appreciation of the views of Professor H. Alston Johnson. The text writers mention a number of impairment of functions, including reproductive capacity, for which coverage is in serious doubt.
It should be borne in mind that an impairment of function which does not impair a worker's ability to work and earn wages is not, strictly speaking, within the compensation principle. In pre-1983 law our legislature provided some compensation as a gratuity for some nondisabling impairments and still does. What the legislature gives, it can take away. For this reason I am of the opinion that plaintiff is without a remedy for his loss of function.
I am not persuaded by the majority's suggestion that the statute runs afoul of federal and state constitutional law prohibiting gender based exclusions. However, I do not think we can entertain such considerations because, as far as I can tell, the *1255 matter was not pleaded at the hearing level as a reason for altering the clear meaning of the statute. If the appellee were to raise the issue in his brief, we could not consider it. See Lemie v. NOPSI, 458 So.2d 1308 (La.1984) and Long v. Northeast Soil Conserv. Dist. of La., 226 La. 824, 77 So.2d 408 (La.1954). For the same reasons I do not think we can raise the issue ourselves.
For the foregoing reasons I would reverse the hearing officer's ruling entirely.