laCANNELLA, Judge.
Both parties appeal a workers compensation judgment. We affirm.
On March 11, 1993 plaintiff, Dennis Caus-by, was employed as a laborer by defendant, Perque Floor Covering (Perque). On that date, he was lifting furniture when he felt a “pull” in his lower pelvic area. Due to the injury, he had to undergo surgical removal of his left testicle. Plaintiff was paid weekly workers compensation medical benefits from March 19,1993 through April 1,1993. Plaintiff returned to work in April of 1993. He inquired about additional benefits, but was informed by R. Todd Justice (Justice), the claims adjuster, that he was not entitled to any farther benefits.
Plaintiff went to an attorney in February of 1995 seeking information about further benefits. On May 24, 1995, plaintiff filed a disputed claim for compensation against Per-que and the Louisiana Workers’ Compensation Corporation (LWCC). Plaintiff claimed permanent partial disability benefits for the loss of his testicle, plus penalties and attorney fees against defendants for their alleged arbitrary and capricious refusal to pay said benefits. On September 8, U1995, defendants filed a peremptory exception of prescription. The hearing on the exception was held on October 6, 1995. On November 9,1995, the exception was denied. Defendants applied for Supervisory Writs to this court. In December of 1995, this court denied the writ application, holding that defendants had an adequate remedy on appeal.
On August 15, 1996, a trial on the merits was held and a judgment was rendered on August 29, 1996 in favor of plaintiff, awarding him disability benefits in the amount of $307 per week for fifty weeks for the loss of his testicle. In the judgment, the hearing officer found that the prescription issue was res judicata, that plaintiff failed to establish entitlement to any additional benefits for scarring or disfigurement, that defendants were entitled to a credit for previously-paid benefits and that defendants were not arbitrary and capricious in refusing to pay benefits.
On appeal, defendants first assert that the hearing officer was manifestly erroneous in denying the exception of prescription. Second, defendants assert that the hearing officer erred in awarding plaintiff permanent partial disability benefits, when plaintiff failed to prove that the usefulness of his genito-urinary system was impaired.
In plaintiffs appeal, he asserts that the hearing officer erred in limiting the benefits to fifty weeks of disability, instead of the maximum of one hundred weeks. He also asserts that the hearing officer erred in failing to find that defendants were arbitrary and capricious in refusing to pay benefits and in failing to award penalties and attorney fees. Further, plaintiff requests a separate award of attorney fees for the appeal.
La. R.S. 23:1209 provides:
*432 § 1209. Prescription; timeliness of filing; dismissal for want of prosecution
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be | ¿forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in eases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
In this case, plaintiff filed his claim more than one year from the date of the accident. Thus, the claim is prescribed on its face. However, he claims that he relied on misinformation given him by defendants’ claims adjuster, which induced him into not filing a claim for further benefits. The hearing officer concluded that prescription was interrupted based on the adjuster’s misleading information.
Initially, we note that the hearing officer incorrectly declared that the exception of prescription was res judicata. Since there was neither a transaction or compromise or final judgment on the prescription issue, res judicata is inapplicable. See: La. C.C. art. 3078 and La. R.S. 13:4231.
In Williams v. William Wrigley, Jr. Co., 94-370 (La.App. 5 Cir. 11/16/94); 646 So.2d 1092, 1094, this court stated:
Claimant’s position, that an employer and/or insurer who lulls the injured employee into a false sense of security, thus inducing forbearance in the prosecution of a compensation claim is estopped to plead prescription to the injured employee’s untimely suit, is well established in the law. See, Mella v. Continental Emsco, A Division of Youngstown Sheet and Tube Company, 189 So.2d 716 (La.App. 1 Cir.1966), writ refused 249 La. 762, 191 So.2d 141 (1966); Landry v. Ferguson, 279 So.2d 185 (La.1973); Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385 (1972); Baker v. Grinnell Fire Protection Systems, Inc., 487 So.2d 700 (La.App. 5 Cir. 1986), writ den. 493 So.2d 639 (La.1986). In order to prove that her tardiness in filing a claim was due to her being lulled into a false sense of security, a workers’ compensation claimant must show that words, actions, or inactions on the part of the employer caused her forbearance. Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La.App. 2 Cir.1991); Keller v. Marathon Oil Co., 613 So.2d 795 (La.App. 5 Cir.1993).
Here, plaintiff contends that he was late in filing a claim for further benefits because he was told by the claims adjuster that he was not entitled to receive any more benefits. Plaintiff testified that, at the time, he thought about seeing an attorney and that he knew the claims adjuster was not an attorney. He also stated that Justice was the person who would know if he had further rights. He testified that he knew that Justice was a claims representative and “Yeah, he worked for workers’ comp. I figured he knew what he was talking about. He does it every day for his living.” Further, “Uh-huh (Affirmative Response). When he told me it wasn’t worth nothing, I figured there wasn’t no use getting a lawyer.” The hearing officer found that plaintiff was justified in sitting on his rights and in not filing a claim. Under all of the circumstances herein, we cannot say that the hearing officer was erroneous. Therefore, we affirm the judgment of the hearing officer in denying the exception of prescription.
Alternatively, defendants contend that the hearing officer erred in awarding plaintiff disability benefits.
*433 La. R.S. 23:1221(4)(p) provides for permanent partial disability involving cases not provided for specifically, as follows:
(p) In cases not falling within any of the provisions already made, where the employee is seriously and permanently disfigured or suffers a permanent hearing loss solely due to a single traumatic accident, or where the usefulness of the physical function of the respiratory system, gastrointestinal system, or genito-urinary system, as contained within the thoracic or abdominal cavities, is seriously and permanently impaired, compensation not to exceed sixty-six and two-thirds percent of wages for a period not to exceed one hundred weeks may he awarded. In cases where compensation is so awarded, when the disability is susceptible to |6percentage determination, compensation shall be established in the proportions set forth in Subparagraph (o) of this Paragraph. In cases where compensation is so awarded, when the disability is not susceptible to percentage determination, compensation as is reasonable shall be established in proportion to the compensation hereinabove specifically provided in the eases of specific disability.
(q) No benefits shall be awarded or payable in this Paragraph unless anatomical loss of use or amputation, as provided in Subparagraphs (a) through (o) of this Paragraph or loss of physical function as provided in Subparagraph (p) of this Paragraph is greater than twenty-five percent as established in the American Medical Association “Guides to the Evaluation of Permanent Impairment”, copyright 1984, by the American Medical Association. Defendants contend that the “omnibus”
provision contained in R.S. 23:1221(4)(p) allows for compensation in cases of serious impairment to the usefulness of the genitourinary system “as contained within the thoracic or abdominal cavities.” Here, they contend, plaintiff produced no evidence that his injury is contained within the thoracic or abdominal cavities.
In Lindon v. Terminix, 617 So.2d 1251 (La.App. 3rd Cir.1993), the court found the statute applicable to injuries to the claimant’s two testicles, which resulted in atrophy and probable sterility. There the court upheld the award of one hundred weeks of benefits. The court interpreted the genito-urinary provision in R.S. 23:1221(4)(p) to include injuries to the male reproductive organs. The court determined that the legislature did not intend to exclude the organs outside the body, because such an exclusion would lead to a conflict between the state and federal constitutions, which prohibit gender-based exclusions without a substantial and compelling state interest. Defendants argue that the case is wrong and that we are not bound to follow the decision of another circuit court of appeal. In addition, defendants argue that plaintiff failed to prove any impairment or the extent of any impairment, unlike the plaintiff in Lindon. Defendants further cite Tuggle v. United States Fidelity & Guaranty Company, 228 So.2d 671 (La.App. 1st Cir.1969) which held that the loss of a testicle was not compensable, in the absence of proof of permanent impairment of any of the claimant’s physical functions.
Defendants also argue that plaintiff failed to prove entitlement to benefits where the employee is seriously and permanently disfigured. Defendants assert that the court cannot take judicial notice of that and plaintiff failed to produce any evidence on the issue.
In Lindon at 1253, the court explained:
Terminix’s limited interpretation of the amendment would lead to absurd consequences and render the amendment in conflict with state and federal constitutional law, which prohibit such gender based exclusions without a compelling and substantial state interest. Adoption of Terminix’s position requires a corollary finding that females who sustain injury to their reproductive organs, which are located entirely within the abdominal cavity, are entitled to benefits under the amended provision; but males, whose reproductive organs extend outside the abdominal cavity, are not entitled to similar benefits.
Dr. Boudreaux explained that the testicles are part of the genito-urinary system contained within the scrotum. Although acknowledging the scrotum is not con *434 tained wholly within the abdominal cavity, he suggested it may be considered an extension of this section. When the language of a provision is susceptible of different meaning; we must ascribe to it the meaning that best conforms to the purpose of the law as a whole. LSA-L.A.C.C. article lO.(sie). We do not believe the legislature, in amending LSA-23:1221(4)(p), intended to exclude the male reproductive organs from coverage under the Act. Our conclusion is buttressed by W.S. Malone and H.A Johnson, 18 La. Civil Law Treatise: Workers’ Compensation Law and Practice, Sec. 286 at 183 (1993 Pocket Part), expressing that “the very clear intention of [the] amendment was to exclude claims for impairment of the function of the back or neck.” In keeping with the jurisprudential rule that worker’s compensation statutes should be liberally construed in favor of injured workers, we find the language of the statute does not expressly exclude the male reproductive organs from the ambit of its protection as a genito-urinary appendage of the abdominal cavity.
We agree with the Lindan decision. In that case, plaintiff did not suffer an amputation of his testicle, but sustained atrophy and sterility of both testicles. | gThe court found that this was a loss of function which was compensable. In this case, plaintiff suffered the loss of one testicle, which is a loss of function or impairment of that part of the body. Thus, we find that the hearing officer did not err in finding plaintiff entitled to benefits. We address the extent of the benefits in plaintiff’s appeal.

PLAINTIFF’S APPEAL

Plaintiff argues that the trial judge erred in failing to award benefits for disfigurement due to the loss of his testicle. He contends that he is entitled to one hundred weeks, rather than the fifty weeks awarded by the hearing officer. Defendants contend that plaintiff did not prove disfigurement.
Plaintiff testified that his testicle was amputated leaving a l"-2" scar. While the scarring may not be sufficiently serious to entitled plaintiff to benefits, the amputation, by its nature, causes a permanent and serious disfigurement of the body. Thus, plaintiff is entitled to benefits under R.S. 23:1221(4)(p). However, plaintiff is not entitled to benefits for both disfigurement and serious impairment of use. R.S. 23:1221(4)(p) states:
... where the employee is seriously and permanently disfigured or suffers a permanent hearing loss solely due to a single traumatic accident, or where the usefulness of the physical function of the respiratory system, gastrointestinal system, or genito-urinary system, as contained within the thoracic or abdominal cavities, is seriously and permanently impaired, ...
This provision gives plaintiff a right to benefits for either one or the other, but not both. Thus, although we find that plaintiff can recover for disfigurement, he is not entitled to further benefits because the hearing officer awarded him benefits for loss of use.
Plaintiff next argues that he is entitled to one hundred weeks of benefits in any event. The determination of the amount of the weekly benefit and the number of weeks the benefit shall be paid is within the discretion of the trial court. Lescuer v. Liberty Mut. Ins. Co., 552 So.2d 521, 523 (La.App. 2 Cir.1989). In 19this case, we find no abuse of the hearing officer’s discretion in the award.
Finally, plaintiff requests attorney fees and penalties for defendants’ arbitrary and capricious failure to pay benefits under R.S. 23:1201 F. The determination of whether penalties and attorney fees are due is within the discretion of the trial court. Williams v. Hospital Service, Inc., 95-214 (La.App. 5th Cir. 9/20/95); 663 So.2d 749, 754. Given the circumstances in this case, we find that the hearing officer did not abuse her discretion in not awarding penalties and attorney fees. Because of this finding, plaintiff is not entitled to attorney fees for the appeal.
Accordingly, the judgment of the trial court is hereby affirmed. Costs of appeal are assessed against defendants.

AFFIRMED.