713 So.2d 1290 (1998)
Linda LUMMUS
v.
SHONEY'S OF LaPLACE.
No. 97-CA-1140.
Court of Appeal of Louisiana, Fifth Circuit.
June 30, 1998.
*1291 Judy Lebrun Mackles, Keith G. Contreary, Metairie, for plaintiff-appellant.
Rock P. Poelman, Lemle & Kelleher, L.L.P., New Orleans, for defendant-appellee and cross-appellant.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
GRISBAUM, Chief Judge.
The claimant, Linda Lummus, appeals the judgment of Office of Workers' Compensation (OWC) only as to the calculation of benefits. The defendant, Shoney's of LaPlace (Shoney's), appeals the judgment of OWC and its finding, which entitle claimant to weekly benefits, medical expenses, and penalties and attorney's fees. We affirm in part, reverse in part, and remand in part.

ISSUES
The issues presented are:
1) Whether the OWC erred in its calculation of claimant's weekly wage benefits;
2) Whether the OWC erred in finding that the claimant is in need of surgery for carpal tunnel syndrome; and
3) Whether the OWC erred in awarding penalties and attorney's fees to the claimant.

FACTS AND PROCEDURAL HISTORY
Linda Lummus, the claimant, was employed as a waitress by Shoney's located in LaPlace, Louisiana, when she injured herself. She was injured in April 1994 when she slipped on a puddle of water in the kitchen of the restaurant.
The OWC found that the claimant was a full-time employee of Shoney's and that, as a *1292 result of her injuries, she is temporarily totally disabled and entitled to weekly wage benefits. The OWC also found that the claimant was in need of surgery for carpal tunnel syndrome and that the defendant was arbitrary and capricious in denying her medical expenses for this surgery; thus, claimant was awarded penalties, attorney's, fees and costs. It is this judgment from which the defendant appeals. The claimant only appeals the judgment as to the calculation of her weekly benefits.

ISSUE ONELAW AND ANALYSIS
Both the appellant, Lummus, and the appellee/cross-appellant, Shoney's, contend that the OWC erred in its calculation of appellant's weekly wage benefits. The appellant contends her average weekly tips should be determined on an hourly basis, instead of a weekly basis. The appellee/cross-appellant contends that the appellant's weekly wage benefits should be determined according to La. R.S. 23:1021(10)(d), which is titled "Other Wages," and applies to those paid "on a unit, piece-work, commission, or other basis," since the appellant is paid by an hourly wage and tips.
The calculation of a waitress' average weekly wage has not yet been addressed by this Court. We find that the appellant's average weekly wage, as a waitress paid by the hour and with tips, is to be determined by using a combination of La. R.S. 23:1021(10)(a)(i) and 23:1021(10)(d). See Dupont v. Holiday Inn of Jennings, 96-684 (La.App. 3d Cir. 12/11/96), 685 So.2d 525.
La. R.S. 23:1021(10)(a)(i) provides that an employee paid on an hourly basis and is employed 40 hours or more shall have his average weekly wage determined by multiplying his hourly wage rate "by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater...." This provision is to be used to calculate the average weekly wage of a waitress, the appellant, as to her hourly wage.
La. R.S. 23:1021(10)(d) provides:
Other wages. If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during the said twenty-six week period and multiplied by the average number of days worked per week; however, if such an employee has worked for the employer for less than a twenty-six week period immediately preceding the accident, his gross earning from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during the said period and multiplied by the average number of days worked per week.
This provision is to be used to calculate the average weekly wage of a waitress, the appellant, as to her tips. Appellant worked for her employer for less than a 26-week period prior to her accident; thus, the second part of La. R.S. 23:1021(10)(d) applies. The calculation should begin with her gross earnings for the period immediately preceding her accident (000), divide it by the actual number of days she worked during this period (00), and then multiply it by the average number of days worked per week (00).
The OWC correctly calculated the appellant's average weekly wage as to her hourly wage; however, her average weekly wage, as to her tips must be recalculated. Then the appellant's average weekly wage as to her hours and tips are to be added together to get the average weekly wage, which she will receive. We remand this matter to the OWC to determine appellant's average weekly wage according to this formula.

ISSUE TWOLAW AND ANALYSIS
The appellee/cross-appellant contends that the OWC erred in finding that the appellant is in need of surgery for carpal tunnel syndrome and that any indication of the alleged carpal tunnel syndrome is unrelated to the accident, which occurred during the course and scope of her employment. The OWC found that the appellant's carpal tunnel syndrome was caused by the trauma of her work-related accident while working for Shoney's. The OWC based its finding on the testimony of the appellant's treating physician, Dr. Zeringue. Dr. George, who *1293 examined the appellant for the appellee/cross-appellant, testified that the carpal tunnel syndrome was unrelated to her accident while working at Shoney's.
"Factual findings in a workers' compensation case are subject to the manifest error or clearly wrong standard of appellate review." Banks v. Indus. Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551, 556 (citations omitted). The hearing officer is accorded great latitude in the determination of an expert's credibility. Triche v. Regional Elec. & Const., Inc., 95-0105 (La.App. 1st Cir. 10/6/95), 671 So.2d 425. This determination is a factual question which shall not be disturbed absent manifest error. Id.
The hearing officer's conclusion, that the appellant is in need of surgery for carpal tunnel syndrome and that the carpal tunnel syndrome was caused by the accident which occurred while she was working at Shoney's, was based primarily on the testimony of the claimant's treating physician, Dr. Zeringue. The testimony of a plaintiff's treating physician is entitled to greater weight than one who examines plaintiff for purposes of litigation only. Devlin v. Westinghouse Elec. Corp., 96-484 (La.App. 5th Cir. 12/11/96), 686 So.2d 920. We cannot say that the hearing officer's decision to accept the opinion of Dr. Zeringue is manifestly erroneous. The appellant complained of pain in her wrist consistently before it was diagnosed, and both experts testified that carpal tunnel syndrome was present. Accordingly, this assignment of error lacks merit.

ISSUE THREELAW AND ANALYSIS
The final issue is whether penalties and attorney's fees were properly awarded.
Whether a claimant is entitled to these remedies is governed by two different standards. Castille v. Leesville Lumber Co., 93-1091 (La.App. 3d Cir. 4/6/94), 635 So.2d 643. An employer or its insurer is liable for statutory penalties if he withholds benefits without evidence to reasonably controvert an employee's right to those benefits. Id. (citing La. R.S. 23:1201(E)). An employer or its insurer is liable for attorney's fees if he acts arbitrarily, capriciously, or without probable cause in denying benefits. Id. (citing La. R.S. 23:1201.2). These statutes, which provide for penalties and attorney's fees, must be strictly construed because they are penal in nature. Triche, supra, 671 So.2d at 434.

PENALTIES
The test to determine whether the employee's right to such benefits was reasonably controverted by the employer is as follows: Based on the facts, medical and otherwise, known to the employer or his insurer, did he have a reasonable basis to believe that the employee was not entitled to the benefits he was claiming? Id.
We find that Shoney's had a reasonable basis for denying medical expenses related to carpal tunnel syndrome to the claimant. First, it was not until several weeks after the accident when doctors found any indication of carpal tunnel syndrome. In the early stages of treatment, only one of four doctors, Dr. Zeringue, found any indication of carpal tunnel syndrome, and his determination was based primarily on appellant's complaints of pain. Second, there was disputed testimony as to whether surgery was necessary. Only one doctor out of five, Dr. Zeringue, found surgery necessary. Third, when doctors did find indication of carpal tunnel syndrome, they noted that it was in early stages. Thus, there was a reasonable possibility that it was unrelated to the accident.
After a thorough review, we find it clear that the issue of whether the appellant's carpal tunnel syndrome was related to this accident was a close call, and there was evidence to reasonably controvert the claim. An employer should not be liable for penalties or attorney's fees for taking a close factual or legal question to court for resolution. Lindon v. Terminix Serv., Inc., 617 So.2d 1251 (La.App.3d 1993). Thus, we find the hearing officer's award of penalties manifestly erroneous.

ATTORNEY'S FEES
As to attorney's fees, employers have often been absolved of this liability *1294 when the question as to whether an employee is entitled to benefits is a close one. Castille, supra, at 648. Accordingly, because we conclude that this was a close call, we find that the appellee/cross-appellant was not arbitrary, capricious, or without probable cause in his denial of medical benefits related to appellant's carpal tunnel syndrome. Thus, the award of the attorney's fees were, likewise, inappropriate.
For the reasons assigned, the trial court's judgment is affirmed in part, reversed in part, and remanded in part. Each party to this appeal is to bear its respective costs.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART.