HAWTHORNE, Justice.
 

 Plaintiff Wealthia Miller Long, widow of Tom Long, Sr., instituted this suit individually and as natural tutrix of her seven minor children to recover from the Northeast Soil Conservation District of Louisiana and one of its employees, O. H. Gulledge, damages for the death of her husband caused by the alleged negligence of the defendants.
 

 The case was tried before a jury which returned a verdict for Mrs. Long and her children in the sum of $12,000 — $5,000 for 'the widow and $1,000 for the benefit of each of her seven minor children. After this verdict was returned by the jury but before the judgment was signed, the defendant Northeast Soil Conservation District of Louisiana filed an exception of no cause or right of action on the ground that it was an agency or subdivision of the State, created by authority of Act 370 of 1938, R.S. 3 :1201 et seq., and that the Legislature had never authorized the action instituted by plaintiff in this suit. The district judge sustained this exception. Plaintiff appealed to the Court of Appeal, Second Circuit, and that court reversed the judgment of the district court which had maintained the exception of no cause or right of action, and awarded judgment against both defendants in solido in favor of plaintiff individually and as natural tutrix of her seven minor children in the sum of $12,000. See 72 So.2d 543.
 

 Upon application of the defendant Northeast Soil Conservation District, this court granted a writ to review the judgment of the Court of Appeal holding that this governmental subdivision or agency of the State could be sued ex delicto, or in tort, in the state courts without a special act of the Legislature specifically authorizing the suit instituted by plaintiff.
 

 According to the pleadings, Tom Long, Sr., husband of the plaintiff Mrs. Long and father of the minor children, was killed on September 3, 1948. This suit was instituted in the district court on September 2, 1949. The judgment of the Court of Appeal was rendered on April 22, 1954, and application for a rehearing was denied by that court on May 26. The defendant’s application for a writ was filed in this court on June 22, 1954, and the case was submitted for our decision on November 8.
 

 After the granting of the writ of certiorari by this court but before the submission of the case, the Legislature, which convened in May for its regular session of 1954, adopted Acts 243 and 244. The title of Act 243 reads as follows:
 

 
 *829
 
 “An Act To authorize Wealthia Miller Long, individually, and as natural tutrix of the minors, Marguerite Long, Earl Long, Vivian Long, Tom Long, Jr., Herbert Gary Long, Laura Gene Long and Mary Delores Long, to file suit on her own behalf and on behalf of her said minor children, against the State of Louisiana, through the Northeast Louisiana Soil Conservation District, upon the claims of each on account of the death of Tom Long, Sr., on or about September 3, 1948, which occurred as the result of the alleged negligence of employees or agents of the Northeast Louisiana Soil Conservation District; to provide a method for citing the state; to designate the Court or Courts in which the suits may be instituted; to provide a method for procedure and the effect of the judgment which may be rendered in such suits; and to provide for waiver of prescription.”
 

 This act, after authorizing the suit and prescribing the manner of citation, the method of procedure, etc., provides in Section 5 that “ * * * any suit brought under the authority herein shall be filed not later than January 1, 1954”. Section 6 provides that “The authorization to sue, herein granted, shall be retroactive to the date of the alleged death, September 3, 1948”. In Section 7 it is provided: “That, 'except as otherwise expressly provided herein, the effect of this authorization shall be nothing more than a waiver of the State’s immunity from suit insofar as the suit authorized herein is concerned.”
 

 Act 244 of 1954 recites that the plaintiff herein has obtained a judgment individually and as natural tutrix of her minor children in the Court of Appeal, Second Circuit, against the State of Louisiana through the Northeast Louisiana Soil Conservation District in the amount of $12,000 with legal interest from judicial demand until paid, and that in that court a rehearing has been denied. The act then appropriates to the plaintiff and her children the amount of the judgment, and recites that the purpose of the act is to pay the judgment rendered in the case as finally approved by the proper courts of this state.
 

 As we have stated above, this court granted a writ in this case to review the judgment of the Court of Appeal only on the issue of whether this plaintiff could sue this defendant ex delicto, or in tort, without being authorized to do so by a special legislative act. Since the Legislature has now adopted a special act specifically authorizing the plaintiff to institute and prosecute this suit against this defendant, a governmental subdivision of the State, and has made an appropriation for the payment of the judgment when it becomes final, that issue has become moot. This would appear to end the matter, but the attorneys for the defendant-relator in brief filed in this court
 
 *831
 
 have advanced an argument questioning the constitutionality of Act 243 of 1954.
 

 We are aware that the relator in the instant case is urging the unconstitutionality of Act 243 of 1954 for the first time in this court, and that under the well established jurisprudence of this court such a plea is in the nature of a special defense, must be specially pleaded in the lower court, and cannot be urged for the first time in the appellate court by way of exception. However, in view of the fact that the act became effective after this case was lodged in this court, it was impossible for relator to urge and plead its unconstitutionality in the lower court. Hence it would be unreasonable, under the peculiar facts of this case, for us to refuse to consider relator’s plea.
 

 Counsel for defendant-relator argue that the act authorizing the suit instituted by plaintiff in the instant case, Act 243 of 1954, is null, void, and of no effect because under the provisions of Article 3, Section 35, of the Constitution the Legislature could not authorize the suit and waive the State’s immunity after the suit had been instituted and tried in the lower court. In other words, it is their contention that, since the act is to operate retrospectively, it is violative of Article 3, Section 35, of the Constitution.
 

 We have carefully considered defendant’s arguments, but have found them to be without merit. Under the provisions of Article 3, Section 35, of the Constitution the Legislature may authorize suit against the State, provide the method for citation, designate the court or courts in which the suit may be brought, etc. This section provides for the method of procedure in such suits and concludes with the provision that, “Except as otherwise specially provided in this section, the effect of any authorization by the Legislature for a suit against the State
 
 shall he nothing more than a waiver of the State’s immunity from suit
 
 insofar as the suit so authorized is concerned”. (Italics ours.) An examination of Act 243 of 1954 shows that it satisfies the provisions of Article 3, Section 35. It is true that Article 3, Section 35, does not specifically provide that the Legislature may authorize suit against the State retrospectively. However, we fail to see how the retrospective effect of Act 243 of 1954 renders the act unconstitutional.
 

 This special act adopted by the Legislature waiving the State’s immunity and authorizing the suit instituted by plaintiff falls within that kind of legislation which is termed “curative legislation” by Sutherland in his work on Statutes and Statutory Construction, and the rule to test the validity of this kind of legislation is set forth therein as follows:
 

 “ * * * The established rule of curative legislation is that a legislature may validate by subsequent act anything it might have authorized previously or may make immaterial any
 
 *833
 
 thing it might have omitted in the original act. * * * ” 2 Sutherland, Statutes and Statutory Construction (Horack’s 3d Ed. 1943), p. 125.
 

 The attorneys for the defendant do not contend that this special act would have been invalid if it had been enacted and had become effective before the institution of plaintiff’s suit in the lower court. Since the Legislature could have authorized the institution of the suit and waived immunity at that time, there is no reason why it could not do so, under the rule quoted above, after the institution of the suit.
 

 It is a well established principle of constitutional law that statutes shall be construed prospectively only, unless the language of the statute plainly shows a contrary intention. However, there is no provision of our Constitution that expressly prohibits the Legislature from enacting a statute which is to have a retroactive effect. Thus, so long as a retrospective statute does not impair the obligations of contracts, does not divest vested rights, and is not an ex post facto law, it does not contravene Article 4, Section 15, of the Constitution. Obviously Act 243 of 1954 does not impair the obligations of contracts, does not divest vested rights, and is not an ex post facto law, and therefore, though retrospective legislation, it is not unconstitutional.
 

 For the reasons assigned the writ heretofore issued is recalled; relator is to pay the costs in this proceeding insofar .as allowed by law.