635 So.2d 607 (1994)
Beverly Diane MILLER, et al., Plaintiffs-Appellees,
v.
The COASTAL CORPORATION, et al., Defendants-Appellants.
Emerline MILLER, et ux, Plaintiffs-Appellees,
v.
The COASTAL CORPORATION, et al., Defendants-Appellants.
Nos. 93-1073, 93-1074.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1994.
*608 Kenneth E. Badon, Lake Charles, for Beverly Diane Miller et al.
John Peter Napolitano Jr., New Orleans, for Coastal Corp., et al., ANR Pipeline, Planet Ins. and Andy Vaughn.
Lawrence Emerson Abbott, Richard M. Simses, New Orleans, for ANR Pipeline, Planet Ins. and Andy Vaughn.
Christopher Paul Ieyoub, Lake Charles, for Farm Bureau Ins. Co.
Anthony Joseph Fazzio, Lake Charles, for Emerline L. Miller et ux.
Before GUIDRY and LABORDE, JJ., and CULPEPPER[*], J. Pro Tem.
WILLIAM A. CULPEPPER, Judge Pro Tem.
This is a suit for damages arising out of an automobile accident. Andy J. Vaughan, while working for the Coastal Corporation, drove his vehicle from a private plant entrance onto Parish Road 218 in Cameron Parish and into the path of an oncoming vehicle. The plaintiffs occupied the vehicle that collided with the vehicle driven by Vaughan. The trial court granted the plaintiff's motion for partial summary judgment finding the defendant to be 100% at fault and finding the plaintiffs to be free from any contributory negligence. The defendant appeals this judgment specifying the following as error:
"The District Court erred: a) in finding no genuine issues of material fact regarding the comparative fault of the parties; b) in reaching its conclusions by determining the credibility of the deposition testimony of the parties and witnesses; and c) by improperly granting summary judgment in a negligence action where negligence is ultimately based on reasonableness."

FACTS
Emerline Miller was driving her truck east on Parish Road 218 in Cameron Parish. Riding with her were her daughter-in-law and her granddaughter. As she approached the entrance to the A.N.R. Pipeline Company, Andy Vaughan, a defendant, drove his vehicle onto the road in front of the plaintiffs' vehicle. Ms. Miller did not have time to stop, and a collision resulted.
The plaintiffs, in support of their motion for summary judgment, submitted into the record four deposition transcripts. These transcripts contain the deposition testimony of Emerline Miller, Beverly Diane Miller (the guest passenger), Andy Vaughan, and Deputy Joseph Miller, who investigated the accident and prepared the accident report. Their versions of the events leading up to the accident are summarized in the following paragraphs.
Emerline Miller testified that she was driving her daughter-in-law, Diane, and grandson, Matthew, home at 8:45 a.m. so Diane could get ready for work. Diane and Matthew had spent the night at Mrs. Miller's house. As their truck approached the entrance to the A.N.R. Pipeline Company plant *609 on Parish Road 218, they were travelling at a speed of 30 miles per hour or less, a speed characterized by Mrs. Miller as "slow." Mrs. Miller testified that she observed Mr. Vaughan's vehicle come out of the gate to the A.N.R. Pipeline Company plant and come to a complete stop. Mr. Vaughan then proceeded onto the roadway.
Mrs. Miller admits that she cannot judge distances but says that she was "close" to where Mr. Vaughan pulled out onto the highway when he did pull out. Also, she could not guess the speed at which he was travelling out onto the highway but says he "came out fast from that driveway and hit [her] hard." Mrs. Miller stated that she did not take any defensive maneuvers prior to the impact with the Vaughan vehicle because "[i]t happened so quick[ly] that [she] didn't have time."
Diane Miller testified in her deposition that she noticed the Vaughan vehicle as it approached the stop sign outside the plant entrance "before we got close to him." Although she was not looking directly at the Vaughan vehicle and was looking "off to the side," she characterized the subsequent impact as follows:
"All of a sudden he gave it the gas and came out on the road and hit us. All of a sudden he just gave it the gas and was coming out."
In response to a question asked by the defendants counsel at her deposition, Diane further stated that because the accident happened so quickly, she did not have enough time to brace herself. Diane did not know at what speed the truck she was riding in was travelling at the time of impact but said that it was not going very fast.
Andy Vaughan, in his deposition, testified that he stopped at the stop sign, looked both ways, did not see anything coming and started "easing" out onto the road. He first became aware that an accident was about to happen when the two vehicles collided. He never saw the Miller vehicle before the impact. He further testified that he was travelling at approximately 5 miles per hour at the time of impact. Mr. Vaughan admits that he was on the roadway of the parish road when the collision took place.
This is corroborated by the deposition testimony of Deputy Joseph Miller who estimated that the point of impact was in the eastbound lane of Parish Road 218. The deputy arrived at the scene of the accident after the accident had taken place. He did not actually see the accident, but took statements from those involved.
These different accounts of the collision do not conflict. The case sub judice is a rare example of the lack of any conflict among eyewitnesses as to what occurred immediately before an automobile accident. There are no additional eyewitnesses that could contradict Emerline Miller's claim that she did not have time to take any evasive measures. Andy Vaughan cannot contradict such a claim because he admitted that he never saw the Miller vehicle prior to the collision. Everyone agrees that Andy Vaughan came to a stop and then pulled out in front of the Miller vehicle.
As the appellants have pointed out, all motorists are under a duty to drive prudently, which includes a duty to keep a proper lookout, Paige v. Commercial Union Ins. Co., 512 So.2d 507 (La.App. 3d Cir.1987), and a driver has a duty to drive defensively from the time she witnesses negligent operation of another vehicle and the potential for resulting damage, Hebert v. Lefty's Moving Serv., 389 So.2d 855 (La.App. 4th Cir.1980). However, there is no evidence in the record that allows any inference that Mrs. Miller breached either of these two duties. Mrs. Miller may not be able to estimate the number of feet that separated the two vehicles when Andy Vaughan began pulling out onto the parish road, but the defendants have entered nothing into the record to dispute her testimony that she did not have time to stop. Further, Diane Miller's testimony places the Miller vehicle in front of the "gate" from which Andy Vaughan was pulling out at the time that Vaughan began pulling onto the highway.
Considering the facts in evidence, no reasonable trier of fact could find that Emerline Miller was contributorily negligent in causing the collision. Where reasonable minds cannot differ, the question of negligence *610 or contributory negligence is a question of law that may be resolved by summary judgment. See Fowler v. Roberts, 556 So.2d 1 (La.1989) and Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367, 370 (La. 1976).
The appellants have also suggested to this court that contradicting testimony concerning whether the plaintiff's were wearing their seat belts creates a genuine issue of material fact precluding summary judgment. This claim is meritless. LSA-R.S. 32:295.1(E) states:
"E. In any action to recover damages arising out of the ownership, common maintenance, or operation of a motor vehicle, failure to wear a safety belt in violation of this Section shall not be considered evidence of comparative negligence. Failure to wear a safety belt in violation of this Section shall not be admitted to mitigate damages."
Because the failure to wear seat belts is inadmissible to prove failure to mitigate damages or comparative negligence, no genuine issue of material fact is raised, with respect to the liability of the parties in this suit, by conflicting testimony concerning whether the plaintiffs were wearing their seat belts. See also Hammer v. City of Lafayette, 502 So.2d 301 (La.App. 3d Cir.1987), in which a parent failed to use a child restraint device.
The appellants' argument that the trial judge improperly made credibility determinations is also meritless. With respect to the events leading up to the collision, the depositions entered into the record contain no contradictions. All deponents agree that the Vaughan truck stopped before proceeding onto the parish road. Emerline Miller testified that she did not have time to stop or take evasive action. Diane Miller testified that Vaughan pulled out onto the road "suddenly." Andy Vaughan testified that he never saw the Miller vehicle until it collided with the truck he was driving. Diane Miller's statement, that the vehicle in which she was a passenger was not close to the Vaughan vehicle at the time she observed the Vaughan vehicle, clearly refers to her observation of the Vaughan vehicle before it came to a stop.
Finally, the contention, urged by the appellants, that contributory negligence is not a proper issue to be addressed by summary judgment is simply insupportable. See, for example, Cates v. Beauregard Electric Cooperative, Inc., supra.
For the reasons assigned, the judgment of the trial court below is affirmed at the cost of the appellants.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.