hWICKER, Judge.
This appeal arises from an action to partition community property. The sole issue is whether the parties reestablished a community property regime upon reconciliation in 1978. The trial judge determined the community was not reestablished. He denied appellant’s, Thomas Charrier’s, claim for a portion of appellee’s, Patricia Ann Surridge Charrier’s pension plan beyond April 4,1978.
These parties separated in 1978. A judgment of separation was rendered in 1978. On October 30, 1978 they partitioned the community with the exception of the wife’s pension plan. They reconciled subsequent to the judgment of separation but eventually separated again in 1992. A judgment of divorce was rendered January 20,1993. The parties then entered into a consent judgment of partition of community property on June 4, 1994. They disagreed, however, as to the nature of the ex-wife’s pension plan after the 1978 reconciliation. The trial judge concluded |2that La.R.S. 9:384[1] does not apply to this action. Thomas Charrier now appeals. We reverse and remand.
*1358 Thomas Charrier was the only witness to testify. He stated he had been married for 27 years. He has no pension benefits other than a portion of his ex-wife’s pension. No testimony was given as to the exact year of the reconciliation other than it was after the 1978 judgment of separation. He also testified he did not execute an authentic act to reestablish the community when he reconciled.
| 3 Thomas Charrier specifies as error the trial judge’s failure to apply La.R.S. 9:384 retroactively. We agree the trial judge erred in failing to follow the clear and unambiguous retroactive language in the statute.
At the time of the parties’ judgment of separation in 1978 the applicable law was contained in La.Civ.Code art. 155. Acts 1977, No. 483, § 1, effective September 9, 1977 provided in pertinent part:
Art. 155. Dissolution of community upon separation; reestablishment after reconciliation
[[Image here]]
Upon reconciliation of the spouses, the community may be reestablished by husband and wife jointly, as of the date of the filing of the original petition in the action in which the judgment was rendered by an act before a notary and two witnesses, which act shall be recorded in the conveyance office of the parish where said parties are domiciled, but which act shall be without prejudice to rights validly acquired in the interim between rendition of the judgment and recordation of the act of reconciliation.
Thus, at the time of the judgment of separation in 1978 the law did not provide for automatic reestablishment of a community property regime. During the interim between the 1978 judgment of separation and the parties’ subsequent divorce, article 155 was amended to change the method for reestablishing the community. Acts 1979, No. 711 § 1, effective January 1,1980 provided in pertinent part:
Art. 155 ... Upon reconciliation of the spouses, the community may be re-established by matrimonial agreement, as of the date of the filing of the original petition in the action in which the judgment was rendered.
Also during the interim period article 155 was again amended by Acts 1985, No. 525 § 1, effective September 6, 1985 to provide for the first time an automatic reinstatement of the community. That act provided in part:
_[jArt. 155 ... Upon reconciliation of the spouses, the community shall be reestablished between the spouses, as of the date of the filing of the original petition in the action in which the judgment was rendered, unless the spouses execute prior to the reconciliation a matrimonial agreement that the community shall not be reestablished upon reconciliation. This matrimonial agreement shall not require court approval ...
Finally, prior to the divorce in 1993 the legislature again changed the law in Acts 1990, No. 1009 § 7, effective January 1,1991. This latest act is codified in La.R.S. 9:384. Unlike the prior 1985 act it provided for retroactivity. It contained the same language recognizing the automatic reestablishment of the community upon reconciliation but made the act retroactive for “[reconciled] spouses who were judicially separated by a judgment signed before January 1, 1991, or by a judgment rendered in an action governed by R.S. 9:381.”
In the instant case the trial judge determined that La.R.S. 9:384 applies only to those spouses who have a judgment of separation before January 1, 1991 but who have reconciled after the effective date of the statute, January 1, 1991. Thus, he read words into the statute which do not exist.
The law regarding statutory construction was summarized by the Louisiana Supreme Court in In re C.B. Applying For Adoption, 94-0755 (La. 10/17/94); 643 So.2d 1251, 1253-54):
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as *1359 written without further interpretation in search of the intent of the legislature. La. C.C. art. 9; Hutchinson v. Patel, 93-2156 (La. 5/23/94); 637 So.2d 415. However, when the language of the law is ambiguous or susceptible of two reasonable interpretations, it must be interpreted as having the meaning that best conforms to the purpose of the law. La.C.C. art. 10; Hutchinson, 93-2156, 637 So.2d at 420; Touchard v. Williams, 617 So.2d 885, 888 (La.1993). The meaning is sought by examining the context in which the words occur and the text of the law as a whole. La.C.C. art. 12.
| sHere the law is clear and unambiguous; its application does not lead to absurd consequences. It clearly sets forth the parties to which retroactivity will apply: spouses judicially separated prior to January 1,1991. In Lacour, Community Property — Reconciliation and Possible Injustice Under Article 155, 14 Loy.L.Rev. 359, 359-364 (1967-68) Lacour noted the injustice in article 155 in that upon reconciliation spouses have no notice of the requirements for reestablishing the community. The retroactivity provision is therefore an attempt by the legislature to correct an injustice in the prior law. Spouses were not required to execute any formal document upon reconciliation and could therefore be misled in assuming no formality was required to reestablish the community. Lacour, 362-363.
The legislature attempted to correct this injustice in 1985. However, that change in the law was not made retroactive. Rearden v. Rearden, 568 So.2d 1111 (La.App. 2nd Cir.1990) and the cases cited therein. In Conner v. Conner, 515 So.2d 468(La.App. 1st Cir.1987) the court held the change to be a substantive one. In Gachez v. Gachez, 451 So.2d 608, 612 (La.App. 5th Cir.), writ denied, 456 So.2d 166 (La.1984) we held:
Our jurisprudence has consistently interpreted LSA-C.C. art. 8 regarding retrospective application of law to mean that substantive laws, as opposed to procedural laws, should be applied retroactively only if the language used by the legislature shows such clear intent. Green v. Liberty Mut. Ins. Co., 352 So.2d 366 (La.App. 4th Cir. 1977).
Undoubtedly, the legislature clearly intended La.R.S. 9:384 to have retroactive application. However, absent a plea of unconstitutionality the issue of [(¡the constitutionality of the statute’s retroactive application is not before this court.[2]
Although appellee argues the statute may be unconstitutional, no plea of constitutionality was filed below.
The Louisiana Supreme Court has held in Stovall v. City of Monroe, 199 La. 195, 5 So.2d 547, 552 (1941):
This Court will not consider a constitutional question unless it has been raised by the pleadings. State v. Ross, 144 La. 898, 81 So. 386. All laws are presumed to be constitutional until the contrary is made clearly to appear and he who urges the unconstitutionality must specially plead its unconstitutionality. Milton v. Lincoln Parish School Board, 152 La. 761, 94 So. 386; City of Shreveport v. Pedro, 170 La. 351, 127 So. 865; Ward v. Leche, 189 La. 113, 179 So. 52.
We followed Stovall in City of Kenner v. Southeast Equipment, 611 So.2d 785 (La. App. 5th Cir.1992), writ denied, 615 So.2d 340 (La.1993) and also noted at 787:
In City of New Orleans v. Plotkin, 205 La. 490, 17 So.2d 719 (La.1944) the Supreme Court dismissed an appeal wherein the alleged constitutionality of a city zoning *1360 ordinance, though pled, had not been properly pled as it was too vague.
Therefore the constitutionality of the statute is not properly before this court[2].
Accordingly, for the reasons stated, the judgment granting Thomas Charrier entitlement to a designated portion of Patricia Ann Surridge Charrier’s pension plan Rfrom the time he began to participate in the plan until April 4, 1978 is reversed. Judgment is now rendered in favor of Thomas Charrier recognizing his entitlement to a portion of Patricia Ann Surridge Charrier’s pension plan from the time he began to participate in the plan until June 11, 1992, the date the community terminated upon the filing of the petition for divorce. This matter is remanded for a hearing on the amount due Thomas Charrier as his portion of the pension plan consistent with the views expressed herein.
REVERSED AND REMANDED

. La.R.S. 9:384 provides:
A. If spouses who were judicially separated by a judgment signed before January 1, 1991, or by a judgment rendered in an action governed by R.S. 9:381, reconcile, their community of acquets and gains shall be reestablished between the spouses, as of the date of filing of the original petition in the action in which the separation judgment was rendered, unless the spouses execute prior to the reconciliation a matrimonial agreement that the community will not be reestablished upon reconciliation. This matrimonial agreement shall not require court approval.
B. Reestablishment of a community property regime under the provisions of this Section shall be effective toward third persons only upon filing notice of the reestablishment for registry in accordance with the provisions of Civil Code Article 2332. The reestablishment of the community shall not prejudice the rights of third persons validly acquired prior to filing notice of the reestablishment nor shall it affect a prior community property partition between the spouses.

. In Long v. Northeast Soil Conservation District of La., 226 La. 824, 77 So.2d 408 (1954) the Supreme Court considered a plea of the uncon-stitutionalily of a statute having retroactive application. It held 77 So.2d at 411:
there is no provision of our Constitution that expressly prohibits the Legislature from enacting a statute which is to have retroactive effect. Thus, so long as a retrospective statute does not impair the obligations of contracts, does not divest vested rights, and is not ex post facto law, it does not contravene Article 4, Section 15, of the Constitution.