717 So.2d 244 (1998)
Peggy FEDELE
v.
Lynette TUJAGUE, Allstate Insurance Co., et al.
No. 98-C-0843.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1998.
*245 George B. Recile, Chehardy, Sherman, Ellis, Breslin & Murray, Metairie, for Plaintiff/Appellant.
Michael T. Pulaski, Keith W. McDaniel, Christopher J. Wnuk, Pulaski, Gieger & Laborde, New Orleans, for Nissan Motor Corporation In U.S.A.
Before SCHOTT, C.J., and PLOTKIN and McKAY, JJ.
PLOTKIN, Judge.
The trial court granted the plaintiff's motion in limine, ordering as follows:
any evidence concerning whether the plaintiff was wearing a seat belt at the time of the accident be and is hereby excluded from being introduced at trial or from being referred to in any manner at trial.
The basis of the trial court's judgment was LSA-R.S. 32:295.1(E), which provides as follows:
In any action to recover damages arising out of the ownership, common maintenance, or operation of a motor vehicle, failure to wear a safety belt in violation of this Section shall not be considered evidence of comparative negligence. Failure to wear a safety belt in violation of this Section shall not be admitted to mitigate damages.
(Emphasis added.)
Louisiana courts have cited the above statute to exclude evidence concerning a plaintiff's failure to wear a seat belt brought against an errant driver whose negligence caused the accident. See Manville v. Citizen, 96-861 (La.App. 3 Cir. 2/5/97), 689 So.2d 578; Miller v. Coastal Corp., 93-1073, 93-1074 (La.App. 3 Cir. 4/6/94), 635 So.2d 607. The reasoning behind the statute has been described as follows:
A driver who is clearly at fault for causing an accident should not have his liability reduced because the unsuspecting victim was not wearing his seat belt. Put another way, a victim should not be required to shoulder expenses resulting from an accident in which he was clearly not at fault.
Manville, 689 So.2d at 586. Further, "`the evidentiary limitation is designed to protect parties from an unfair trial argument' and undue prejudice." Id.
We find that, by the express terms of the above statute, the prohibition does not apply to the plaintiff's claim against defendant Nissan Motor Corp. in USA in the instant case. That claim is based on plaintiff's allegations that her injuries were caused by inadequate warnings concerning the supplemental restraint systemi.e., the airbag, which is a products liability claim, not on a claim "arising out of the ownership, common maintenance, or operation of a motor vehicle." The plaintiff's claim against Nissan is distinguishable from the claims against the errant drivers which were the subject of the Manville and Miller cases.
Moreover, admitting evidence of the plaintiff's failure to use seat belts in this products liability action does not result in unfair trial argument or undue prejudice to the plaintiff. In fact, excluding the evidence would result in undue prejudice to Nissan Motor Corp. in *246 USA since it would be prohibited from presenting evidence that the plaintiff failed to use the primary restraint systemi.e., the seat belt.
Accordingly, the trial court judgment granting the plaintiff's motion in limine is reversed only to the extent it excludes evidence of the plaintiff's failure to use seat belts in the claim against Nissan Motor Corp. in USA. The granting of the motion is affirmed to the extent it excludes evidence of the plaintiff's failure to use seat belts in its claims "arising out of the ownership, common maintenance, or operation of a motor vehicle."
WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED IN PART.