h McKAY, Judge.
This matter comes before this Court on remand from the Louisiana Supreme Court on the issue of whether the district court erred in permitting admission of evidence of the non-use of seat belt in a case under the Louisiana Products Liability Act, La. R.S. 9:5800, et seq.
The plaintiff, Jessica Ann Rougeau, was injured in a single car accident on December 25,1990, when the 1988 Hyundai Excel she was operating struck a steel utility pole on Belle Chase Highway. She has alleged that the vehicle had design and manufacturing deficiencies in the braking system which caused her to lose control of the vehicle and preventing her from stopping in time to avoid the utility pole. She subsequently filed a product liability action against Hyundai claiming that defects in the brake system caused her accident.[1]
The defendant alleges that plaintiffs injuries were caused or were worsened by the plaintiffs failure to use her seatbelt at the time of the accident, contending that evidence of her seatbelt nonuse should be introduced for purposes of | ¡.comparative fault or mitigation of damages. The plaintiff filed a Motion to Strike Defenses, opposing the introduction of non-use of seat-belt evidence, which was denied by the trial court and is the basis of this writ. The trial court based its decision on this Court’s ruling in Fedele v. Tujague, 98-0843 (La.App. 4 Cir. 4/15/98), 717 So.2d 244, which held that although La. R.S. 32;295.1(E) specifically prohibits the introduction of such evidence it was not applicable in a product liability case.[2] La. R.S. 32:295.1 was in effect at the time of this accident and required the use of seatbelts by all front seat passengers of automobiles. The plaintiff contends that such use is not at issue, as it was in Fedele[3], and contends that such evidence is prejudicial and a violation of the purpose and intent of La. R.S. 32:295.1(E). The case at bar, according to the plaintiff, is a straightforward product liability case, consequently, there is no reason to focus on the seatbelt or its nonuse which is admittedly not the cause of the accident.
Conversely, the defendants defend these allegations by arguing that this action does *41 not involve “ownership, maintenance or operation of a motor vehicle”, as enunciated in La. R.S.32: 295.1(E). Therefore, the usual bar to introduction of seatbelt non-use evidence for purposes of mitigation or comparative negligence is inapplicable in the case sub judice because this is a product liability claim. The defendant also asserts that the plaintiffs failure to use her seatbelt may not have caused the accident but did cause or significantly contribute to her debilitating ^injuries. Furthermore, the plaintiff attacks the crashworthiness of the vehicle and questions the ability of the vehicle to protect her from injury.
The plaintiff continually avers that the trial court erred in “automatically” admitting evidence of nonuse of a seatbelt where the nonuse exists, as being a misapplication of the law. This is a product liability claim where the cause of the accident is potentially attributable to a faulty brake system and vehicle design. The defendants argue that the plaintiffs nonuse of the seatbelt impacted her injuries and should be admissible as it relates to mitigation of damages and comparative negligence. They do not contend that it is related to the actual cause of the accident.
The plaintiffs arguments are based upon the constitutionality ' of La. R.S. 32:295.1 and its application. She advances the argument that the trial court’s ruling in admitting evidence of nonuse of a seat-belt, is a violation of Equal Protection Clauses in both the Louisiana and United States Constitutions. Thus, the trial court has jurisprudentially created a new class of comparative negligence, which results in a windfall to a limited class of defendants, to the exclusion of all others. Although plaintiff has raised Equal Protection Claims in this Court, these issues were not raised in the trial court. In plaintiffs May 3, 1999, writ to this court, she raised Constitutional arguments for equal protection. After a careful examination of the record, we cannot find where the plaintiff pleaded the constitutional issue at the district court level nor has plaintiff provided this court with a copy of her original pleadings. The plaintiff has failed to comply with Rule 4-5 of the Uniform | ¿Rules of the Courts of Appeals. Only now on supervisory writ does the plaintiff raise a constitutional issue. The record reflects that plaintiff first raised the equal protection issue in oral argument at the district court only after the trial court made its ruling on the admissibility of nonuse of the seatbelt. Therefore, plaintiffs argument does not rise to the level required by Louisiana jurisprudence to question the constitutionality of a state statute. In Vallo v. Gayle Oil Co., Inc., 94-1238 (La.11/30/94); 646 So.2d 859, 864, the Louisiana Supreme stated that the constitutionality of a statute must first be questioned in that trial court, that the issue must be specifically pled to be considered by the trial court, and that the attorney general should be served with a copy of the pleading in which the constitutionality of a state statute is contested.
This Court is bound by procedure. Issues questioning the constitutionality of statutes must first be tested at the district court level. The district court is the proper venue to initiate a claim of the constitutionality or unconstitutionality of a statute. Only after a ruling of the trial court is a relator or appellant able to seek the supervisory jurisdiction of this Court.
Accordingly, we remand the matter to the district court for consideration of the issues raised in this supervisory writ on the claim of the constitutionality of La. R.S. 32: 295.1(E) and its application to the facts of the instant case.
REMANDED.

. A copy of the original petition is absent from relator’s brief filed on this supervisor writ

. La. R.S. 32: 295.1(E), In any action to recover damages arising out of ownership, common maintenance, or operation of a motor vehicle, failure to wear a safety belt in violation of this Section shall not be considered evidence of comparative negligence. Failure to wear a safety belt in violation of this Section shall not be admitted to mitigate damages.

.The issue in Fedele, concerned airbags.